CLD-061                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3878
_____

LEVON T. WARNER,
                                        Appellant

v.

B. PIETRINI & SONS CONSTRUCTION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 14-cv-04610)
District Judge: Honorable William H. Yohn, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: January 7, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Levon Warner appeals from an order of the District Court dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)(i). For the following reasons, we will affirm.

On August 4, 2014, Warner filed suit under 42 U.S.C. § 1983 against B. Pietrini & Sons Construction, alleging that Pietrini wrongfully failed to fully compensate him for permanent heart damage he sustained while working for Pietrini on February 19, 2008. On August 7, 2014, the District Court granted Warner's motion to proceed *in forma pauperis* and dismissed his complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii). Warner timely requested reconsideration, which the District Court denied on August 27, 2014. Warner filed a timely notice of appeal.[1]

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Warner's complaint under § 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the District Court's judgment if an appeal presents no substantial question. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated by a person acting under color of

---

[1] Warner's notice of appeal mentioned only the original order dismissing his complaint. To the extent he seeks to appeal the denial of reconsideration as well, the District Court did not abuse its discretion in denying reconsideration. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Warner did not identify an intervening change in controlling law, any newly discovered evidence, or a clear error in law or fact to justify altering or amending the court's judgment. See id. at 677 (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  To act under color of state law, one must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) (quoting West, 487 U.S. at 49).  Warner made no allegations supporting even an arguable inference that Pietrini, a private entity, was acting under color of state law when it engaged in the conduct at issue in this case.  See West, 487 U.S. at 49.

Moreover, § 1983 claims are governed by the statute of limitations for personal injury torts in the state where the claim arose.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  In Pennsylvania, where Warner worked for Pietrini when he sustained his injury, that limitations period is two years.  See 42 Pa. Cons. Stat. § 5524.  A § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of his claim.  Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).  Warner alleged that he has been attempting to obtain compensation from Pietrini for his heart condition since he was originally hospitalized in February 2008.  This indicates that Warner knew of his injury and Pietrini's alleged role in causing it at that time.  See id.  He did not file this suit until August 2014, far more than two years later.

Warner argues that the limitations period should be equitably tolled.  State limitations principles generally govern § 1983 claims, except in limited circumstances where those principles contradict federal law or policy.  Kach v. Hose, 589 F.3d 626, 639

3

(3d Cir. 2009) (citations). The only state-law principle Warner potentially refers to is Pennsylvania's discovery rule, but it will not aid him as he clearly knew of his injury in February 2008. See Lake v. Arnold, 232 F.3d 360, 367 (3d Cir. 2000) (citing Ayers v. Morgan, 154 A.2d 788, 794 (Pa. 1959)).

Warner argues for tolling pursuant to federal law, although there is no indication of a conflict between pertinent Pennsylvania and federal tolling principles. See Kach, 589 F.3d at 639. Even assuming it applied, federal equitable tolling is generally appropriate in only three scenarios: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." See Lake, 232 F.3d at 370 n.9. Although Warner, a prisoner, claims he was placed in restricted housing for five days and lost access to his legal materials in July 2014, Warner has identified no "extraordinary circumstances" that prevented him from filing suit during the two years after his claim accrued, and none of Warner's allegations suggest that the other tolling scenarios apply here. See id.

In light of these significant deficiencies, the District Court correctly dismissed Warner's complaint as lacking any arguable legal basis. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Warner maintains, however, that he should have been permitted to amend his complaint. A district court must permit amendment of a deficient complaint unless amendment would be inequitable or futile. Grayson v. Mayview State Hospital,

4

293 F.3d 103, 106 (3d Cir. 2002).  Warner's § 1983 claim was time-barred on its face, and he has not pointed to any different or additional facts he could plead to remedy this deficiency.  Similarly, there is no reason to believe Warner can amend his complaint to make Pietrini a state actor.  The District Court did not abuse its discretion in denying amendment as futile.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).[2]

We conclude that the District Court did not err in dismissing Warner's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).  We will summarily affirm the judgment of the District Court.

---

[2] Although he invoked § 1983, Warner's suit based on a work-related injury is possibly cognizable as a claim under state law.  However, there are no grounds here to support federal jurisdiction over any potential state law claim.  See 28 U.S.C. §§ 1332, 1367. Moreover, contrary to Warner's assertions, if his claim was based in state law, supplemental jurisdiction would be unavailable because Warner brings no related cause of action over which a federal district court would have original jurisdiction.  See id. § 1367(a); e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558 (2005).